COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH

NO. 
2-02-345-CR
 
LUIZ A. DIAZ                                                                        APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 8 OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION 


 
------------
        On 
December 20, 2001, Officer Scott Morgan with the Euless Police Department 
arrested Appellant Luiz A. Diaz, a Spanish speaking Puerto Rican citizen, for 
driving while intoxicated (DWI). Although Appellant informed Morgan that he did 
not speak English well, Morgan testified that Appellant spoke and understood 
English throughout the traffic stop. According to Morgan, Appellant was able to 
follow his directions during sobriety tests administered at the scene and later 
at the jail during the reading of Appellant’s statutory warnings. After 
Appellant agreed to submit to a breath test, Morgan took Appellant into the 
videotape room of the Euless Police Department and read his statutory warnings 
in English, while Appellant read a written copy, also in English.
        The 
breath test results showed that Appellant had an alcohol concentration of .11 
and .12—well over the legal limit of .08 and Appellant was subsequently 
charged with DWI. Appellant filed a motion to suppress the results of the breath 
test alleging that his consent to the breath test was involuntary because he did 
not understand the English statutory warnings. After the trial court reviewed 
all the evidence, including videotapes of the traffic stop and discussions at 
the jail, it denied Appellant’s motion to suppress, stating, “It seems to me 
apparent, on the face of the tape, that most of the converse was in English, and 
it appeared to me that both sides seemed to understand each other.” Appellant, 
after pleading guilty to DWI, was sentenced to 90 days in jail probated for one 
year and a $1000 fine, probated down to $200. This appeal followed.
Discussion
        We 
review the denial of a motion to suppress for abuse of discretion, giving almost 
total deference to a trial court's determination of historical facts and 
reviewing de novo the court's application of the law. Carmouche v. State, 
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Oles v. State, 993 S.W.2d 
103, 106 (Tex. Crim. App. 1999). At a suppression hearing, the trial judge is 
the sole trier of fact and judge of the credibility of the witnesses and the 
weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 
(Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. 
App.1990). Thus, the trial court may disbelieve any portion of a witness's 
testimony, even if the testimony is uncontroverted. Ross, 32 S.W.3d at 
855; Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. 
denied, 510 U.S. 831 (1993).
        Citing 
the Fourteenth Amendment of the United States Constitution, Appellant argues 
that the trial court erred in denying his motion to suppress. U.S. Const. amend. XIV. Without citing a 
single additional authority, Appellant argues that he involuntarily provided a 
breath specimen because he did not fully understand his statutory warning and 
the consequences of either refusing or providing a breath specimen. The trial 
court determined, after observing videotaped conversations between Appellant and 
Morgan, that most of the conversation was in English and that both sides 
understood and communicated with each other. Affording almost total deference to 
the trial court’s determination of the historical facts, we accept its finding 
that Appellant understood the statutory warnings read to him by Morgan and 
therefore voluntarily consented to the breath specimen. We hold that the trial 
court did not abuse its discretion in overruling Appellant's motion to suppress.
Conclusion
        We 
overrule Appellant's sole point and affirm the trial court’s judgment.
 
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
PANEL B:   DAUPHINOT 
and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2003